Filed: 9/7/2022 8:49 AM
Clerk
Vanderburgh Circuit Court
Vanderburgh County, Indiana

# STATE OF INDIANA

## IN THE VANDERBURGH COUNTY CIRCUIT COURT

CAUSE NO. 82C01-2209-CT-004096

| | |
|---|---|
| **LISA MILLSAP AND** | ) |
| **FRANK MILLSAP** | ) |
| **Plaintiffs,** | ) |
| | ) |
| Vs. | ) |
| | ) |
| **MENARD, INC.,** | ) |
| **Defendant.** | ) |

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, Lisa Millsap and Frank Millsap ("Plaintiffs" or "Mrs. Millsap" or "The Millsaps"), by counsel and for their complaint for Damages against Defendant, Menard, Inc., marketed under the name "Menards," ("Menards" or "Defendant"), state as follows:

### I.

### PARTIES

1. Plaintiffs, Lisa and Frank Millsap, reside at 805 North Kelsey Avenue, Evansville, Indiana 47711.

2. Defendant is a foreign for-profit corporation with its principle office address located at 6101 Menard Drive, Eau Claire, WI 54703, and its registered agent for Indiana, The Prentice-Hall Corporation System, Inc. located at 135 N. Pennsylvania Street, Suite 1610 Indianapolis, IN 46204.

## II.

## **FACTS**

3. On June 26, 2021, The Millsaps visited the Menards store located at 2808 Menards Drive, Evansville, Indiana 47715.

4. The Millsaps were in the process of checking out when the totes they planned to purchase rang up at a higher price than they were marked in the store. Mrs. Millsap left the checkout line to talk to another Menards employee regarding the price of the totes. On her way back to the checkout line, Mrs. Millsap slipped and fell on water that had been left on the floor.

5. Menards owed a duty to Mrs. Millsap, an invitee/business guest, the highest duty of care owed to any entrant upon land, to protect her against both known dangers and against those that might be discovered with reasonable care.

6. Menards knew, or with the exercise of reasonable care should have known, the water left on the ground led to an unreasonable risk of harm to Mrs. Millsap and that Mrs. Millsap either would not discover/realize it or would fail to protect herself against it.

7. Menards failed to perform routine and timely surveillance of the store to check for dangers to its invitees/business visitors.

8. Menards failed to adequately train and supervise its employees to maintain the store in a clean,safe and hazard-free manner.

9. Menards failed to discover the water on the floor in a reasonable amount of time.

10. Menards failed to remove/clean-up the water in a reasonable amount of time.

11. Menards failed to warn its invitees/business visitors of the hazard created in a reasonable amount of time.

12. Menards failed to take reasonable measures to ensure precautions were taken to address the risk of harm outlined above.

13. Menards failed to exercise reasonable care to protect Mrs. Millsap against the risk of harm outlined above.

14. As a direct and proximate result of the negligent, careless, wanton, outrageous, and reckless acts and omissions of Menards, Mrs. Millsap sustained personal injuries; has incurred pain and suffering, medical expenses, medical bills, lost wages, and emotional distress; and expects to incur future medical expenses, and other damages.

15. At all times relevant herein, the Plaintiffs, Lisa Millsap and Frank Millsap, were married to each other.

16. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Mr. Millsap, has lost time and incurred expenses in caring for and treating his wife and has been deprived of the services of his wife as a companion, wife and helper and will lose those services and assistance in the future.

### III.

### **CAUSE OF ACTION**

17. Paragraphs 1-16 are incorporated herein by reference thereto.

18. The incident and all the injuries and damages set forth herein suffered by Mrs. Millsap are the direct and proximate result of the negligent, careless, wanton, outrageous, and reckless conduct of Menards by and through its agents, ostensible agents, servants, workmen, employees, and/or owners, as set forth above and as follows:

    a. In failing to perform routine and timely surveillance of the store to check for hazards, cleanliness issues and dangers to its invitees/business visitors;

    b. In failing to adequately train and supervise its employees in maintaining the store in a clean, safe and hazard-free manner;

    c. In failing to discover the water on the floor in a reasonable amount of time;

    d. In failing to remove/clean-up the water in a reasonable amount of time;

    e. In failing to take reasonable measures to ensure precautions were taken to address the risk of harm outlined above; and

    f. In failing to exercise reasonable care to protect Mrs. Millsap against the risk of harm outline above.

19. As a direct and proximate result of the negligent, careless, wanton, outrageous, and reckless acts and omissions of Menards, Mrs. Millsap sustained personal injuries; has incurred pain and suffering, medical expenses, medical bills, lost wages, and emotional distress; and expects to incur future medical expenses, and other damages.

20. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Mr. Millsap, has lost time and incurred expenses

in caring for and treating his wife and has been deprived of the services of his wife as a companion, wife and helper and will lose those services and assistance in the future

21. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs' pray for judgment against the Defendant in an amount commensurate with the injuries and damages, for costs of this action, and for all other relief just and proper in the premises.

## IV.

## JURY TRIAL REQUEST

Plaintiffs, by counsel, request that this case by tried by jury.

                Respectfully submitted,

                BECK ROCKER & HABIG, LLC


                /s/ *Eric K. Habig*
                Eric K. Habig, #21658-49
                Counsel for Plaintiff

Eric K. Habig, #21658-49
Timothy W. Cochren, #33981-49
Beck Rocker & Habig, LLC
432 Washington Street
Columbus, IN 47201
812.372.8858
ehabig@beckrocker.com
tcochren@beckrocker.com